IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| APRIL JOHNSON, EVAN GIRLING, and ROBERT HINES, Individually and Behalf of All Others Similarly Situated,<br> *Plaintiff*,<br>v.<br>CRESCENT SAFETY SERVICES, LLC,<br> *Defendant*. | C.A. NO.<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

COMES NOW Plaintiffs April Johnson ("Johnson"), Evan Girling ("Girling") and Robert Hines ("Hines," collectively referred to as "Plaintiffs") and brings this lawsuit against their former employer, Crescent Safety Services, LLC ("Defendant" or "Crescent") individually and on behalf of all others similarly situated employees to recover unpaid overtime wages and for misclassification as an independent contractor when they worked as an employee. Plaintiffs seeks to back wages, liquidated damages, and attorneys' fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA"). In support thereof, they would respectfully show the Court as follows:

### I. NATURE OF THE CASE

1. Plaintiffs' claims arise under the FLSA for unpaid wages or put another way, failure to pay overtime wages. The FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c). Moreover, Plaintiffs were misclassified as an independent contractors instead of as an employee of Defendant. Lastly, Plaintiffs assert a recordkeeping violation against Defendant under

1

the FLSA.

2. Defendant willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful. Crescent violated the FLSA by employing Plaintiffs and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours ... at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

3. Additionally, Crescent violated the FLSA by failing to maintain accurate time and pay records for Johnson and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

4. Therefore, Plaintiffs bring this collective action, under 29 U.S.C. § 216(b) on behalf of themselves and all other similarly situated employees to recover overtime wages, liquidated damages, and attorneys' fees and costs.

## II.   PARTIES

5. April Johnson is an individual who worked within the jurisdiction of this Court during the lookback period.

6. Evan Girling is an individual who worked within the jurisdiction of this Court during the lookback period.

7. Robert Hines is an individual who worked within the jurisdiction of this Court during the lookback period.

8. Crescent Safety Services, LLC is a foreign limited liability company based in Louisiana and may be served through its registered agent, C T Corporation System. located at 1999 Bryan Street, Suite 900 Dallas, Texas 75201. Alternatively, if the registered agent of this Defendant

cannot with reasonable diligence be found at the company's registered office, Defendant may be served with process by serving the Texas Secretary of State. *See*, TEX. BUS. ORG. CODE §§ 5.251-5.254; *see also*, TEX. CIV. PRAC. & REM. CODE § 17.026.

9. Any allegation that Defendant committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants, or employees committed such an act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of Defendant or was done in the normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants, or employee.

### III. JURISDICTION AND VENUE

10. This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

11. Venue is proper in this judicial district court 28 U.S.C. §1391(b), (c) and 42 U.S.C. §2000e-5(f)(3), because Defendant conducts business in the district, and a substantial part of the events or omissions giving rise to Plaintiffs' causes of action occurred in this jurisdiction.

### IV. STATEMENT OF FACTS

12. Crescent is headquartered in Broussard, Louisiana, and provides safety management, safety training, and HSE advisory services in multiple states, including Texas. *See*, https://www.crescentsafetyservices.com/about-us.

13. Defendant employed Johnson from approximately September 2022 to January 2023. Defendant hired Johnson as a safety consultant.

14. Defendant employed Girling from approximately 2020 to May 2023 as a safety consultant.

15. Defendant employed Hines from approximately August 2020 to July 2023 as a safety

consultant.

16. Throughout Plaintiffs' employment with Defendant, they were responsible for conducting comprehensive safety audits of equipment and facilities, providing training programs, administering random drug testing, and managing incidents and accidents. They also prepared detailed reports and attended meetings with employees and supervisors.

17. However, though Defendant misclassified Plaintiffs as independent contractors, Defendant acted as Plaintiffs' employer. Specifically, Plaintiffs did not determine their own rate of pay, their rate of pay was unilaterally set by Defendant. Moreover, Plaintiffs received specific instructions for duty assignments and weekly work schedules from agents of CJ Hughes Construction Company Inc., the company where Defendant assigned them to work. Plaintiffs did not have any independence, autonomy, or decision-making authority when it came to their job assignments, rates of pay, or work schedules.

18. During Plaintiffs' employment with Defendant, they were engaged in commerce or the production of goods for commerce. During their work, Plaintiff, as a safety consultant, routinely inspected and ensured the safety compliance of equipment and facilities used in the transportation and distribution of goods across state lines. Their work directly contributed to maintaining safe operations that support the flow of goods for interstate markets.

19. During Plaintiffs' employment with Defendant, they directly and regularly engaged in interstate commerce, and this engagement was a substantial part of her work. Thus, Plaintiffs are eligible for individual coverage under the FLSA.

20. Defendant paid Plaintiffs on a day-rate basis.

21. During Plaintiffs' employment with Crescent, they regularly worked in excess of forty (40) hours per week.

22.     Defendant failed to pay Plaintiffs *at all* for the overtime hours they worked in excess of 40 hours per week during their respective employment. Instead, Crescent paid Plaintiffs a flat sum for each day's work regardless of the number of hours they worked in a workweek. *See*, 29 C.F.R. § 778.112 (day-rate workers entitled to additional overtime premium).

23.     In other words, Crescent paid Plaintiffs for their overtime at a rate less than one and one-half times the regular rate at which they were employed.

24.     Plaintiffs are likely not the only employee of Defendant who has not been paid at all for overtime hours worked. Defendant employs a substantial number of safety consultants who are compensated at day rates. These safety consultants, including Plaintiffs, are regularly required to work over 40 hours per week.

25.     Defendant willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful. Because Defendant willfully violated the FLSA, it is liable to Plaintiffs for any FLSA violations that occurred during three years back from the date this suit was filed. 29 U.S.C. § 255(a).

26.     Defendant failed to maintain accurate time and pay records for Plaintiffs as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

27.     Specifically, Plaintiffs were not required to clock in or out, and Defendant did not track Plaintiffs' hours. Instead of providing a proper method for recording hours worked, Defendant required Plaintiffs to fill out an excel spreadsheet manually and submit it weekly for pay, despite there being no onsite time clock.

28.     As a result of the FLSA violation(s) described above, Defendant is liable to Plaintiffs for back wages, liquidated damages, and attorneys' fees and costs. 29 U.S.C. §216(b).

## V. CAUSES OF ACTION

### A. Count One: Misclassification as Independent Contractor Versus Employee

29. Plaintiffs repeat and re-allege all facts alleged above with the same force and effect as though fully set forth herein.

30. Defendant misclassified Plaintiffs as independent contractors. 29 CFR § 795.105(b). Because Plaintiffs should have been classified as an employee, Plaintiffs are entitled to protection under the FLSA.

31. During Plaintiffs' employment with Defendant, they should have been classified as a non-exempt employees and entitled to be paid overtime at a rate of one and a half times their regular rate for hours worked over forty (40) in a workweek. 29 U.S.C. § 207(a)(1). Defendant was (and is) legally obligated to pay Plaintiffs at this overtime rate.

32. As such, Plaintiffs was misclassified as an independent contractor.

### B. Count Two – Failure to Pay Overtime Wages in Violation of 29 U.S.C § 207

33. Plaintiffs repeat and re-allege all facts alleged above with the same force and effect as though fully set forth herein.

34. During Plaintiffs' approximately five (5) month employment with Defendant, Defendant agreed to pay Plaintiffs a daily rate. However, Plaintiffs were employees who regularly worked more than 40 hours per week and was paid a flat sum of $500 per day for their work regardless of the number of hours they worked in a workweek.

35. Defendant failed to pay Plaintiffs the legally required overtime rate of one and a half times their regular rate for hours worked over forty (40) in a workweek, as mandated by the FLSA. 29 U.S.C. § 207(a)(1).

36. As such, Defendant violated the FLSA by failing to pay Plaintiffs overtime wages for the hours worked in excess of forty (40) per week.

### C. Count Three – Recordkeeping Violation in violation of 29 U.S.C. § 211

37. Plaintiffs repeat and re-allege all facts alleged above with the same force and effect as though fully set forth herein.

38. Defendant failed to keep accurate time and pay records for Plaintiffs throughout their employment with Defendant.

39. Defendant's failure is evident in their failing to account for – and pay for – all hours worked by Johnson, Girling, and their fellow safety consultants, in a timely manner.

40. Moreover, Plaintiffs were not required to clock in or out, and Defendant did not fulfill its legal obligation to track Plaintiffs' hours. Instead, Plaintiffs were required to manually complete an excel spreadsheet and submit it weekly for payroll purposes, notwithstanding the absence of an onsite time clock.

41. As such, Defendant violated 29 U.S.C. § 211's requirement to keep accurate time and pay records for Johnson, Girling and their fellow safety consultants.

### D. Count Four – Willful Violation of the FLSA under 29 U.S.C § 255(a)

42. Plaintiffs repeat and re-allege all facts alleged above with the same force and effect as though fully set forth herein.

43. Defendant willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

44. Despite Plaintiffs' regular work hours exceeding 40 hours per week, Defendant failed to compensate Plaintiffs *at all* for overtime hours worked during their entire employment with Crescent.

45. Therefore, because Defendant willfully violated the FLSA, the company is liable to Plaintiffs for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

### E. Count Five – Collective Action Allegations Under 29 U.S.C. § 216(b)

46. Plaintiffs repeat and re-allege all facts alleged above with the same force and effect as though fully set forth herein.

47. On information and belief, other employees have been victimized by the FLSA violations described above.

48. These employees are similarly situated to Plaintiffs because, during the relevant time period, they held the same position, were misclassified as independent contractors, and were compensated (or not compensated) in a similar manner, which, as explained herein, violates the FLSA.

49. Defendant's unlawful policies or practices, described herein, are generally applicable policies or practices and do not depend on the personal circumstances of the individual members of the Overtime Wage Collective (defined below).

50. Since Plaintiffs' experiences are typical of the experiences of the members of the Overtime Wage Collective, collective action treatment is appropriate. See, 29 U.S.C. § 216(b).

51. Therefore, Plaintiffs request, under 29 U.S.C. § 216(b), that the Court authorize notice regarding the pendency of this case and the right to join it in the following collective:

> All "safety consultants" employed by Defendant during the last three years out of Texas who worked any number of overtime hours for which they were not paid the required federal overtime wage (the "Overtime Wage Collective").

52. Defendant is liable to Plaintiffs and the members of the Overtime Wage Collective for back wages between what the company should have paid (all overtime hours worked at the

Overtime Wage Collective's overtime rate) and what they actually paid ($0.00).

53. Plaintiffs have retained competent and capable attorneys who are experienced in complex employment litigation (including collective actions). Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of them and the members of the Overtime Wage Collective, have the financial resources to do so and do not have interest that is contrary to or conflicts with those of the proposed Collective.

**F. Count Six – Liquidated Damages, Attorneys' Fees & Costs under 29 U.S.C. § 216(b)**

54. Plaintiffs repeat and re-allege all facts alleged above with the same force and effect as though fully set forth herein. FED. R. CIV. P. 10(c).

55. Plaintiffs are authorized to recover liquidated damages on their claims by statute. 29 U.S.C. § 216(b).

56. Plaintiffs are authorized to recover attorneys' fees and costs on their claims by statute as well. 29 U.S.C. § 216(b).

57. Plaintiffs have retained the professional services of the undersigned attorneys. Thus, Plaintiffs has complied with the conditions precedent to recovering attorneys' fees and costs.

58. Moreover, Plaintiffs have incurred and will incur attorneys' fees and costs in bringing this lawsuit. The attorneys' fees and costs incurred (or that will be incurred) were or are reasonable and necessary.

59. Defendant is liable to Plaintiffs and the members of the Overtime Wage Collective for liquidated damages, attorneys' fees and costs by reason of the FLSA violations described herein. 29 U.S.C. § 216(b).

## VI. JURY REQUEST

60. Plaintiff requests a trial by jury.

## VII. PRAYER

For these reasons, Plaintiffs pray that Defendant be cited to appear and answer herein and that this case be advanced for trial before a jury, and that on final hearing this Court grant the following relief:

- a) an order under 29 U.S.C. § 216(b) authorizing notice regarding the pendency of this case and the right to join in to the Overtime Wage Collective;

- b) an Order appointing Plaintiff April Johnson as the representative of the Overtime Wage Collective;

- c) an Order appointing attorneys Bridget Davidson and Todd Gaynor as counsel for the Overtime Wage Collective;

- d) an incentive award for Plaintiff April Johnson for serving as representative of the Overtime Wage Collective if the Court allows this action to proceed as a collective action;

- e) judgment against Defendant in Plaintiffs' favor both individually and on behalf of the members of the Overtime Wage Collective for back wages, liquidated damages and attorneys' fees, plus interest and costs; and

- f) all other relief and sums that may be adjudged against Defendant in Plaintiffs' favor both individually and on behalf of the members of the Overtime Collective.

Respectfully submitted,

\_\_\_/s/ Todd M. Gaynor_____
Todd M. Gaynor, Esquire
Virginia Bar No.: 47742
GAYNOR LAW CENTER, P.C.
440 Monticello Avenue, Suite 1800
Norfolk, Virginia 23510
PH: (757) 828-3739
FX: (757) 257-3674
EM: tgaynor@gaynorlawcenter.com

_/s/ Bridget Davidson_
Bridget Davidson
*bdavidson@spacecitylaw.com*
TBN: 24096858
SPACE CITY LAW FIRM
440 Louisiana Street Suite 1110
Houston, Texas 77002
Tel.: (713) 568-5305
Fax: (713) 583-1107

*ATTORNEYS FOR PLAINTIFF*